

MAR 2 5 2013

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

UNITED STATES OF AMERICA,          )
                                   )
v.                                 )
                                   )
STEPHEN E. VIERLING,               )          No. 4:11-cr-00238-RWS
                                   )
Defendant.                         )
                                   )

## RUBINBROWN LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE AND TO UNSEAL RECORDS

RubinBrown LLP ("RubinBrown") seeks to intervene in this case and asks the Court to

unseal certain of the documents previously filed in this action. Those documents may assist

RubinBrown in its defense of civil lawsuits brought against it by companies which form the City

Lighting Products Group ("City Lighting Products"), which allege that RubinBrown was

negligent in performing certain accounting reviews of the City Lighting Products companies.

*See* Ex. A, First Am. Pet. in *The City Lighting Products Group v. RubinBrown, LLP* (No. 11SL-

CC04037, Cir. Ct. St. Louis County, MO). The City Lighting Products companies claim that

RubinBrown was negligent in failing to detect certain fraud and embezzlement committed by

Stephen Vierling, the Defendant in this case, who pleaded guilty to mail fraud and was sentenced

to probation for five years. *Id.* ¶¶ 5-6.

While the Rules of Criminal Procedure do not address intervention by a non-party, courts

have recognized that this is the natural way for a non-party in a criminal case to challenge the

sealing of judicial records. *See In re Associated Press*, 162 F.3d 503, 507-08 (7th Cir. 1998)

(recognizing that the "most appropriate procedural mechanism by which [a non-party can seek

1

SLC-6861315-1

access to judicial records in a criminal case] is by permitting those who oppose the suppression of the material to intervene for that limited purpose.") (collecting cases on this point).

There is a common law right of access to judicial records. *Webster Groves Sch. Dist. V. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). Indeed, there is a presumption in favor of such access. *U.S. v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006). No such reason exists here.

In defending itself against City Lighting Products' lawsuits, RubinBrown is conducting discovery into, *inter alia*, (1) the nature and scope of Mr. Vierling's fraudulent activities – including the falsification of accounting and financial records of City Lighting Products; (2) the nature and scope of fraudulent or criminal activity by others within City Lighting Products (*e.g.*, its current employee, Timothy Hohl);[1] and (3) the extent of any claimed damages allegedly suffered by City Lighting Products. Among other things, RubinBrown seeks to discover any statements made by Mr. Vierling or City Lighting Products Group on these issues. The sealed documents in this case almost certainly contain a trove of information that is relevant to RubinBrown's defense of the claims brought by City Lighting Products. Moreover, to the extent that these documents were filed with the Court, no privilege would protect them from disclosure.

By way of example only, the following documents filed under seal with the Court should contain information that is relevant to (or at least discoverable in) RubinBrown's defense in the City Lighting Products lawsuits:

- The "Guilty Plea Agreement" between the Government and Mr. Vierling (Dkt. #4) – this Agreement should contain details regarding Mr. Vierling's conduct, as well as information regarding Mr. Vierling's disclosures to the Government of other criminal/fraudulent

---

[1]   As the Court may recall, Mr. Timothy Hohl, an officer of City Lighting Products, also pled guilty to a felony in connection with a kick-back scheme allegedly brought to the Government's attention by Mr. Vierling.

2

activity committed by officers of City Lighting Products (*e.g.*, Timothy Hohl) which would have affected City Lighting Products' financial statements. All of this fraudulent activity – both by Mr. Vierling and other officers of City Lighting Products – would have affected RubinBrown's accounting reviews for City Lighting Products.

- The "Sentencing Memorandum" filed by Mr. Vierling (Dkt. #55) and any documents filed by the Government which relate to its sentencing recommendation for Mr. Vierling[2] – these documents likewise should contain information regarding Mr. Vierling's fraud and his disclosures to the Government related to other criminal/fraudulent activity within City Lighting Products, all of which is relevant to RubinBrown's defense because all of this fraudulent activity would have affected City Lighting Products' financial statements that RubinBrown was tasked with reviewing.

- Any sealed document filed by City Lighting Products or Lester Hohl, the President of City Lighting Products (Dkt. ## 29-30, 46) – these documents may contain information regarding the purported damages caused to City Lighting Products by Mr. Vierling's fraud (and for which City Lighting Products sought restitution) and, therefore, may relate to the damages that City Lighting Products presently seeks from RubinBrown. Such documents likely also contain statements by City Lighting Products or its principals that could be relevant to RubinBrown's defense in the City Lighting Products lawsuits.

- RubinBrown also seeks any other sealed documents which relate to the restitution paid by Mr. Vierling, as those documents should collectively catalogue the damages alleged by City Lighting Products and associated with Mr. Vierling's misconduct; RubinBrown needs access to those documents so that it can evaluate the amount of damages that City Lighting Products seeks in its lawsuits against RubinBrown.

In contrast to RubinBrown's need to discover the documents filed in this case, no compelling reason warrants the continued sealing of those documents. Mr. Vierling's criminal case ended, for practical purposes, with his guilty plea and sentencing. As far as RubinBrown knows, Mr. Vierling is not currently acting as a confidential government informant or

---

[2]  RubinBrown cannot identify such documents from the docket sheet and its descriptions. However, it is possible that such documents may be found at Dkt. ## 32, 34, 37, and 52.

SLC-6861315-1

cooperating witness, and, therefore, there is no risk associated with unsealing the documents. In short, there is nothing to trump the presumption in favor of open access to court records.

WHEREFORE, RubinBrown respectfully requests that the Court grant it leave to intervene and enter an Order unsealing the documents filed with the Court in this case.

Dated: March 25, 2013                     Respectfully Submitted,

**HUSCH BLACKWELL LLP**

By: /s/ Kyle P. Seelbach

Kyle P. Seelbach, #60382MO
kyle.seelbach@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
(314) 480-1505 (fax)

*Attorney for RubinBrown LLP*

4

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on the 25th day of March, 2013, the foregoing was filed electronically with the Clerk of the Court for the United States District Court Eastern District of Missouri, Eastern Division, and served by operation of that Court's electronic filing system upon counsel of record.

/s/ Kyle P. Seelbach

SLC-6861315-1

FILED

NOV 29 2011

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

The City Lighting Products Group,               )
                                                 )
            Plaintiff,                           )
                                                 )    Cause No:     11SL-CC04037
vs.                                              )
                                                 )    Division No:   3
RubinBrown, LLP,                                 )
                                                 )
Serve:  One North Brentwood                      )
        Clayton, MO  63105                       )
                                                 )
            Defendant.                           )

# FIRST AMENDED PETITION

Comes now Plaintiff, The City Lighting Products Group, and after first obtaining leave of Court,

for its First Amended Petition alleges and states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1)      The City Lighting Products Group is a group consisting of the following entities:    CLP,

Corporation, KCLP Corporation, City Lighting Products Co., TAM, LLC, MAT Partnership, CLP of

Denver, Metropolitan Lighting, LLC, and Hohl Partnership.

2)      RubinBrown, LLP is a Missouri Limited Liability Partnership with its principal place of

business located at One North Brentwood, Clayton, MO.

3)      From at least 1997 through 2006 Defendant provided accounting and tax services to

Plaintiff, including review of the Consolidated Financial Statements of Plaintiff and the preparation of

Plaintiff's corporate tax returns.

1

**EXHIBIT A**

4)      In performing said accounting services, Defendant agreed to conduct the review in accordance with Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants.

5)      The Consolidated financial Statements of Plaintiff for the years 1999 through 2006 contained errors, irregularities, evidence of employee dishonesty, evidence of employee fraud, and evidence of employee embezzlement (herein referred to as "Irregularities").

6)      In performing such review, Defendant failed to detect such Irregularities.

# COUNT I - BREACH OF CONTRACT

Comes now Plaintiff, and for its cause of action against Defendant under Count I, states as follows:

7)      Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 6 above.

8)      For each of the years of 1997 through 2006, Defendant entered into an agreement with Plaintiff in which it agreed to provide a review of Plaintiff's Consolidated Financial Statements in accordance with Statements on Standards for Accounting and Review Services Issued by the American Institute of Certified Public Accountants.

9)      Defendant breached said agreement by failing to conduct the review in accordance with the Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants, in the following respects:

   a.      Defendant failed to prepare, deliver and reconcile conflicting financial information with respect to key Plaintiff vendor(s).

   b.      Defendant failed to inquire as to material journal and adjusting journal entries.

2

c.      Defendant failed to evaluate the qualifications and competency of the Plaintiff's

accounting staff.

d.      Defendant failed to adequately supervise the engagement.

e.      Defendant failed to apply adequate analytical procedures to the financial statements

and underlying financial data.

f.      Defendant failed to develop reasonable expectations with respect to related account

balances.

g.      Defendant failed to evaluate and develop an adequate and accurate understanding of

the Plaintiff's accounting methods and procedures.

h.      Defendant failed to inquire as to the existence of illegal acts.

i.      Defendant failed to gain an understanding as to intercompany transactions.

j.      Defendant failed to inquire as to the existence of unrecorded liabilities.

10)     As a result of such breach, Plaintiff sustained damages in excess of $25,000.00.

11)     Under the terms of the agreement with Defendant, Plaintiff is further entitled to

recover its costs in this action including Plaintiff's reasonable attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendant for the damages it incurred in

excess of $25,000.00; Plaintiffs cost in prosecuting this action including its reasonable attorney's fees;

and for such other relief this Court deems just and proper under the circumstances.

# COUNT II - NEGLIGENCE

Comes now Plaintiff, and for its cause of action against Defendant under Count II, states as

follows:

12)     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 11.

3

13)    Defendant negligently and carelessly failed to conduct the review of Plaintiff's Consolidated Financial Statements for the years 1997 through 2006 in accordance with the Statements on Standards for Accounting and Review Services issued by the American Institute of Certified Public Accountants, in the following respects:

      a.    Defendant failed to prepare, deliver and reconcile conflicting financial information with respect to key Plaintiff vendor(s).

      b.    Defendant failed to inquire as to material journal and adjusting journal entries.

      c.    Defendant failed to evaluate the qualifications and competency of the Plaintiff's accounting staff.

      d.    Defendant failed to adequately supervise the engagement.

      e.    Defendant failed to apply adequate analytical procedures to the financial statements and underlying financial data.

      f.    Defendant failed to develop reasonable expectations with respect to related account balances.

      g.    Defendant failed to evaluate and develop an adequate and accurate understanding of the plaintiff's accounting methods and procedures.

      h.    Defendant failed to inquire as to the existence of illegal acts.

      i.    Defendant failed to gain an understanding as to intercompany transactions.

      j.    Defendant failed to inquire as to the existence of unrecorded liabilities

14)    As a direct and proximate result of Defendant's negligence, Plaintiff sustained damages in excess of $25,000.00.

4

WHEREFORE, Plaintiff prays for judgment against Defendant for the damages it incurred in excess of $25,000.00; Plaintiff's cost in prosecuting this action including its reasonable attorney's fees; and any other relief this Court deems just and proper under the circumstances.

# COUNT III - BREACH OF FIDUCIARY DUTY

Comes now Plaintiff, and for its cause of action against Defendant under Count III, states as follows:

15)     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 14.

16)     Defendant was a fiduciary of Plaintiff, in view of the foregoing, and in that:

(a)     They attended business meetings, during which confidential matters were discussed, and about which they made recommendations.

(b)     They were fully informed of Plaintiff's consolidated financial statements of Plaintiff.

(c)     They developed a position of trust with, confidence by, and influence over Plaintiff.

(d)     Plaintiff placed a special confidence and trust in Defendant.

(e)     A confidential relationship existed between Defendant and Plaintiff.

17)     As fiduciary of Plaintiff, Defendant owed a duty of loyalty, fidelity, honesty and good faith to the Plaintiff.

18)     Defendant breached the duty of loyalty, fidelity, honesty and good faith to Plaintiff by their actions set forth in paragraphs 1 through 6 of the Allegations Common to all Counts herein.

5

19)     As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiff sustained damages in excess of $25,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant for the damages IN EXCESS OF $25,000.00; Plaintiff's cost in prosecuting this action including its reasonable attorney's fees; and any other relief this Court deems just and proper under the circumstances.

MENEES, WHITNEY & BURNET

BY: _____

Terry Burnet          #24428
James W. Whitney    #24073
Attorneys for Plaintiff
7905 Forsyth Blvd.
Clayton, Missouri  63105
(314) 721-4141
(314) 721-6485 Fax

C:\Users\Whitney\Documents\Word\City Lighting Products\RubinBrown Petition-Breach of Contract 2011.doc

6

## CERTIFICATE OF SERVICE

A copy of the foregoing was served, on this _29_ day of _Nov_, 2011 to:  Mr. Giuseppe Giordano, Attorney for Defendant, 190 Carondelet Avenue, Suite 600, St. Louis, Missouri 63105.

Terry Burnet

C:\Users\Whitney\Documents\Word\City Lighting Products\RubinBrown Petition-Breach of Contract 2011.doc

7