UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| STEPHEN E. VIERLING, | ) No. 4:11-cr-00238-RWS |
| | ) |
| Defendant. | ) |

### INTERVENOR CITY LIGHTING PRODUCTS GROUP'S MEMORANDUM OF LAW AND FACTS IN SUPPORT OF ITS MOTION IN OPPOSITION TO INTERVENOR RUBINBROWN LLP'S SUPPLEMENTARY MOTION TO UNSEAL RECORDS

Comes now Intervenor City Lighting Products Group ("City Lighting"), by and through its undersigned counsel, and in support of its Opposition to Intervenor RubinBrown LLP's ("RubinBrown") Motion to Unseal Records submits the following memorandum of law and facts.

In RubinBrown's Memorandum of Law submitted in support of its Motion for Leave to Intervene and To Unseal Records, RubinBrown seeks a copy of the "Sentencing Memorandum" and "any documents filed by the Government which relate to its sentencing recommendation for Mr. Vierling (presumable relating to the Government 5K Motion). RubinBrown again represents to the Court that these documents "should contain information regarding Mr. Vierling's fraud and his disclosures to the Government related to other criminal/fraudulent activity within City Lighting Products".

RubinBrown cites the cases of *Webster Groves Sch. Dist v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) and *U.S. v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996) for the general proposition that there is a presumption in favor of access to documents contained in the

1

Court's file unless there was a specific policy against such disclosure. In the *Webster Groves School District* decision the Court recognized a strong policy favoring special protection of minors where their privacy and sensitive and possibly stigmatizing matters were concerned and denied such access. In this case, there is a specific policy of the Government as set forth in the U.S. Attorney's Manual 9-27.760, a copy of such section attached, which states that there is "no legitimate governmental interest served" by the Government's public allegation of wrongdoing by uncharged party. This Government policy has been set forth in both *Finn v. Schiller*, 72 F.3d 1182 (4th Cir. 1996) and *U.S. v. Briggs*, 513 F.2d 794 (5th Cir. 1975), with both cases denying such disclosure of information relating to uncharged employees of City Lighting. Virtually all of the information sought by RubinBrown's Supplemental Motion to Unseal Records relates to uncharged employees of City Lighting.

RubinBrown has further relied on the case of *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) in support of its Motion to Unseal Records. RubinBrown, however, failed to advise the Court that the *Neal* case indicated at page 1053 that "every Court has supervisory power over its own records and files and access has been denied where court files have become a vehicle for improper purposes". In the litigation pending between City Lighting and RubinBrown in the Circuit Court of St. Louis County, State of Missouri RubinBrown has consistently sought information on uncharged employees of City Lighting unrelated to the facts and circumstances set forth in that lawsuit. In response to such attempts, City Lighting has filed in that Court a Protective Order to prevent such irrelevant avenues of discovery, a copy of which is attached hereto. Instead of seeking a ruling from that Court, RubinBrown has, without notice to City Lighting, sought a Supplemental Unsealing of records which in whole or in part will consist of Defendant's Stephen Vierling's unsubstantiated and untruthful allegations against uncharged

employees of City Lighting. This is clearly an improper purpose for unsealing this Court's records and simply constitutes RubinBrown's attempt to perform an "end-run" on the jurisdiction of the State Court handling the litigation in chief.

By RubinBrown's own statements, they have no idea as to what is in this document that they seek to be unsealed and the only real purpose for which they are seeking the stated court records is to obtain information regarding the alleged misdeeds of uncharged employees of City Lighting. Again, RubinBrown has access to all of the individuals who were not criminally charged, has the access to Mr. Vierling to the extent they seek it and the enunciated policy of the Government and decision of the Courts related to disclosure of uncharged activities by uncharged employees of City Lighting should be cause to deny RubinBrown's request to unseal the Sentencing Memo and "any documents filed by the Government which related to its sentencing recommendation for Mr. Vierling".

## CONCLUSION

Based on the above, it is clear that RubinBrown has attempted to circumvent the jurisdiction of the State Court handling the case in chief by going to this Court and seeking the unsealing of documents which, in large degree, contain the unsubstantiated, irrelevant and discredited claims of Defendant Stephen Vierling against uncharged employees of City Lighting. To the extent that RubinBrown has sought discovery from employees of City Lighting who were subject to a criminal charge, City Lighting has already provided that discovery. To the extent that RubinBrown has sought discovery on issues related to uncharged employees of City Lighting in the State Court litigation, City Lighting has objected to same and that issue is presently before the Court in the State Court litigation. It is clear, as set forth above, that RubinBrown is attempting to circumvent the jurisdiction of the State Court handling the

litigation by this Motion. Therefore, it is clearly sought for an "improper purpose" as set forth in *In re Neal* cited above and as set forth in the U.S. Attorney's Manual and the cases of *Finn v Schaller* and *U.S. v Briggs* enforcing such policy.

WHEREFORE, City Lighting Products Group, requests that the Court enter an order denying the unsealing of documents sought by RubinBrown LLP's Supplemental Motion to Unseal Records, or, in the alternative, an order redacting any reference to any uncharged employees of City Lighting; for City Lighting Products Group's costs herein; and for other orders the Court deems just and proper.

Respectfully submitted.

MENEES, WHITNEY, BURNET & TROG

BY: /s/ James W Whitney
James W. Whitney, Jr.,   #24073MO
Terry Burnet,   #24428MO
Attorneys for Intervenor
City Lighting Products Group
7905 Forsyth Blvd.
Clayton, Missouri 63105
(314) 721-4141
(314) 721-6485– Fax
jwwhitney@7905forsyth.com
wtburnet@7905forsyth.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that in the 18 day of Oct, 2013, the foregoing was filed electronically with the Clerk of the Court for the United States District Court Eastern District of Missouri, Eastern Division, and served by operation of that Court's electronic filing system upon counsel of record.

/s/ James W Whitney

Z:\Whitney\Documents\Word\City Lighting Products\RubinBrown\Memo in Support of Motion in Opposition.doc