UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| STEPHEN E. VIERLING, ) | No. 4:11-cr-00238-RWS |
| ) | |
| Defendant. ) | |

### RUBINBROWN LLP'S REPLY MEMORANDUM IN SUPPORT OF ITS SUPPLEMENTAL MOTION TO UNSEAL RECORDS

COMES NOW Intervenor RubinBrown LLP ("RubinBrown"), by and through its undersigned counsel, and in further support of its supplemental motion to unseal records states as follows:

City Lighting Products Group ("City Lighting") has sought to intervene here in an effort to prevent RubinBrown from obtaining access to records that (a) the Court *already ordered* unsealed in this case, (b) that the Government has no objection to unsealing, and (c) that are, at a minimum, reasonably calculated to lead to the discovery of admissible evidence in City Lighting's lawsuit against RubinBrown that is currently pending in St. Louis County Circuit Court. The Court should fully implement its prior Order (Doc. #71) and direct that Document #37 be unsealed or otherwise made available to RubinBrown.

**I.    The Court Previously Granted RubinBrown's Motion to Unseal Pertinent Records Regarding the Government's Sentencing Recommendation, but Document #37 Was Not Unsealed.**

RubinBrown previously asked the Court to unseal, among other things, documents "filed by the Government which relate to its sentencing recommendation for Mr. Vierling." The Court granted that motion. Doc. #71. However, Document #37 on the Court's docket, which RubinBrown believes is the Government's 5K motion related to Mr. Vierling, was not unsealed

following the Court's Order. RubinBrown thus filed the instant supplemental motion to unseal in order to make sure it received the benefit of the Court's prior order granting the motion to unseal.

Notably, the Government has indicated that it has no objection to RubinBrown's supplemental motion to unseal the 5K motion. (Doc. #75) Nor did the Government lodge any objection to RubinBrown's original motion to unseal. (Doc. #69) Given the Government's position, City Lighting's assertion that Government policy set forth in the U.S. Attorney's Manual somehow weighs against the unsealing of this document rings hollow.

## II. RubinBrown Seeks Access to the Government's 5K Motion for Legitimate Purposes Related to Its Defense of the Lawsuit Filed Against It By City Lighting.

City Lighting suggests that RubinBrown is only seeking access to the Government's 5K motion in this case in order to somehow subvert a motion for protective order that City Lighting filed in its case against RubinBrown on October 8, 2013. This is not so, as demonstrated by the fact that RubinBrown filed its original motion to unseal records – including records related to the Government's sentencing recommendation – on March 25, 2013 (Docs. ##66-67), long before City Lighting filed the motion for protective order it now claims RubinBrown is somehow trying to avoid. When RubinBrown realized that not all of the records covered by its original motion were unsealed – even after the Court granted the motion – RubinBrown then followed up by filing the instant supplemental motion.

In any event, RubinBrown has more than a good faith basis for believing that the 5K Motion contains information that is important to RubinBrown's defense against City Lighting's claims. City Lighting claims in its lawsuit against RubinBrown that RubinBrown failed to detect Mr. Vierling's embezzlement from City Lighting and that this embezzlement led City Lighting to

somehow inaccurately report its taxable income to the IRS, and necessitated the costly preparation of amended tax returns.  *See* Ex. A at p. 6, City Lighting's Response to RubinBrown Interrogatory.  In a document filed in this case, and already unsealed by the Court, CLP stated that Vierling reported to IRS criminal investigators that City Lighting and two of its employees, Lester Hohl and Michael Hohl, were "cheating on corporate income taxes."  Ex. B at p. 3, located on the Court's docket at Doc. 30-2.  "Based on Vierling's accusations," City Lighting stated, "the IRS … pursued a criminal tax investigation of [City Lighting's] corporate tax returns targeting Lester Hohl and Michael Hohl."[1]  *Id*. at p. 4.  Notably, City Lighting seeks, as damages from RubinBrown, the legal and accounting fees (over $1.2 million) that it supposedly incurred in dealing with this Government investigation into its corporate tax returns.  *See* Ex. C at #25, City Lighting's Response to RubinBrown's Interrogatory regarding damages.

While the U.S. Attorney ultimately did not prosecute City Lighting as a result of the IRS investigation triggered by Mr. Vierling's information, the U.S. Attorney apparently did file a 5K motion relative to Mr. Vierling in this, Mr. Vierling's own criminal case.  This strongly suggests that at least some of the information that Mr. Vierling provided to the Government was credible.

City Lighting previously insisted to this Court that "Vierling mislead (sic) the IRS about City Lighting] being a tax cheat."  Ex. B at p. 9, located on the Court's docket at Doc. 30-2.  It now insists that the record(s) RubinBrown seeks to unseal will consist mainly of Vierling's "unsubstantiated and untruthful allegations" regarding City Lighting's conduct.  City Lighting's Opp'n at 2-3.  But City Lighting, in opposing RubinBrown's efforts to view the Government's

---

[1] This statement comes from the "Preliminary Victim Impact Statement" filed City Lighting in this case, which describes how the Government investigated City Lighting, Lester Hohl and Michael Hohl for tax fraud based on information provided by Mr. Vierling.  Thus, to the extent that City Lighting now complains it is improper to unseal information regarding this investigation, that is essentially a moot point.

5K motion regarding Mr. Vierling, is effectively trying to prevent RubinBrown from testing these statements through discovery.  This is quite telling.

In order to defend itself against claims that it is liable for City Lighting's professional fees in connection with the IRS investigation, RubinBrown should be entitled to discover facts or evidence which could tend to show that Mr. Vierling was telling the truth to the Government and that City Lighting did, in fact, engage in a scheme to cheat on its corporate taxes while hiding that from RubinBrown.  The 5K motion that RubinBrown seeks to unseal provides a crucial way for RubinBrown to discover these facts.

Finally, to the extent that there is any legitimate concern regarding publicly revealing the entire contents of the Government's 5K motion in this case, RubinBrown would not object to treating it as confidential pursuant to the terms of the Protective Order in place in the lawsuit between City Lighting and RubinBrown.  A copy of that Protective Order is attached for the Court's convenience.  *See* Ex. D.

## CONCLUSION

Any information in the Government's 5K motion which pertains to any uncharged parties is being sought solely because it relates directly to the civil case in which those same parties (and their executive officers) have filed suit against RubinBrown, in which those parties seek to recover the very attorneys' fees expended in responding to the investigation in which they were uncharged parties.  The motion is more than "likely to lead to the discovery of admissible evidence" regarding the underlying conduct RubinBrown allegedly failed to detect and the attorneys' fees City Lighting seeks to recover from RubinBrown.  The uncharged parties who now wish to hide behind the cloak of a government policy are the very parties who have put those matters in issue by suing (or, in the case of the executives, causing their company to sue)

RubinBrown.  Having chosen to make those allegations, City Lighting cannot simultaneously claim that the facts and evidence surrounding them are confidential.

The Court already granted RubinBrown's request to unseal categories of documents which would include Document #37, the Government's 5K motion in this case.  For some reason, though, Document #37 was not unsealed.

WHEREFORE, RubinBrown respectfully asks that the Court enter an Order directing that Document #37, as well as any other still-sealed documents pertaining to the Government's sentencing recommendation for Mr. Vierling, be unsealed.


Dated:  October 28, 2013                              Respectfully Submitted,

                                                    **HUSCH BLACKWELL LLP**

                                                   By: /s/ Kyle P. Seelbach_____

                                                       Kyle P. Seelbach, #60382MO
                                                       kyle.seelbach@huschblackwell.com
                                                       190 Carondelet Plaza, Suite 600
                                                       St. Louis, MO 63105
                                                       (314) 480-1500
                                                       (314) 480-1505 (fax)

                                                       *Attorney for RubinBrown LLP*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 28th day of October, 2013, the foregoing was filed electronically with the Clerk of the Court for the United States District Court Eastern District of Missouri, Eastern Division, and served by operation of that Court's electronic filing system upon counsel of record.

                                                  /s/ Kyle P. Seelbach_____