IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

FILED
JAN 15 2013
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

| | |
|---|---|
| The City Lighting Products Group, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No:    11SL-CC04037 |
| | ) Division No:   8 |
| RubinBrown, LLP, | ) |
| Defendant. | ) |

**AGREED PROTECTIVE ORDER**

It is hereby stipulated by and between Plaintiffs and Defendant, through their undersigned counsel of record, with respect to the exchange of certain information and documents between the parties in connection with the above-captioned action, as follows:

1)   In the course of this action, each party has requested and/or will request another party and non-parties to provide certain information and/or produce certain documents which the disclosing party may consider to constitute, either in whole or in part, confidential, private, proprietary and/or trade secret information or documents that have been filed under seal in another legal proceeding (hereinafter "Confidential Information").

2)   In order to facilitate each party's or non-party's voluntary production of Confidential Information, the parties desire to provide for a Protective Order permitting the use, copying, and disclosure of the Confidential Information. Nothing herein is to be construed as an admission that any of the Confidential Information produced by either party or a non-party constitutes admissible evidence.

1

**EXHIBIT D**

3) In response to discovery or other request by the requesting party, at the time of production the responding party may in good faith designate in writing any information provided or document produced as Confidential. Any Confidential Information hereafter supplied in written or documentary forms shall promptly be labeled by the party producing such documents by the word "CONFIDENTIAL" written or stamped either directly on the document or on a separate cover sheet if there is no room on the document to so stamp. When Confidential Information, or information contained in them, are incorporated in a deposition transcript, arrangements shall be made with the reporter to label the confidential portions of the transcript "CONFIDENTIAL." Unless otherwise ordered by the Court or as provided in this Order, said documents will be deemed Confidential Information. However, no document(s) shall be considered Confidential Information if such document(s) were properly obtained by a party or non-party, their attorneys or agents or by any witness independently of discovery from the other party or non-party, provided such documents were not obtained originally from the other party or non-party by improper means.

4) If and to the extent that a party believes that any information or documents have been improperly labeled as "CONFIDENTIAL" and wishes to disclose such documents or information outside the terms of this Order, the party shall provide the other party with reasonable notice of intent to so disclose the information or documents. "Reasonable notice", as used in this Order, means twenty-one (21) business days. If the parties cannot resolve their disagreement with respect to the disclosure of any information or document designated as confidential or the propriety of such designation of any document, the parties shall jointly petition the Court for a determination of these issues.

5) Information and documents designated as "Confidential" are hereby declared Confidential. Accordingly, neither party shall disclose the Confidential Information to any person

except the parties and their counsel of record, and other persons employed or retained by each party's current counsel of record (including experts), and then only under the terms and conditions set forth in this Protective Order. The parties' counsel of record shall assure that persons employed or retained by them shall strictly maintain the confidentiality of the Confidential Information. Moreover, the parties' specifically agree that the Confidential Information shall not be used or disclosed other than in connection with this litigation and shall not be used in any other proceeding, including any state, federal, administrative, judicial or quasi-judicial proceeding, except as compelled by legal process.

6) If a party or their counsel of record seeks to offer into evidence or use Confidential Information at trial or in a hearing, or seeks to use the Confidential Information in such a way as to reveal the nature of the material, such offer or use shall not be made until the disclosing party has been notified of such intent and shall have had the opportunity to have the Court assure the maintenance of the confidential nature of such Confidential Information.

7) In the event that counsel for any party determines to lodge, file or otherwise submit to this Court (a) any Confidential Information or information derived therefrom, or (b) any papers containing or making reference to such information, such document shall be filed only in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

**\*FILED UNDER SEAL\***
**CONFIDENTIAL PURSUANT TO COURT ORDER**

This envelope contains documents that are the subject to an Order of this Court governing discovery and the use of confidential discovery material. Pursuant to such Order, this envelope shall not be opened nor the contents thereof displayed or revealed except pursuant to the terms of the Order. Violation of such Order may be regarded as contempt of the Court.

The Clerk of the Court is directed to maintain under seal all documents, pleadings, or transcripts of deposition testimony filed with the Court in this litigation that a party has designated, in whole or in part, as confidential or as containing confidential information.

8) The Confidential Information, and any and all copies thereof, shall promptly be returned to the producing party's counsel of record or destroyed, as may be agreed, upon final determination of this litigation.

9) The use of the Confidential Information in any open hearing or proceeding in this case, shall be subject to such protection as the Court shall determine at that time.

10) Neither this Protective Order nor any action taken by any attorney pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver of any applicable privilege or objection by any party hereto or of altering the confidentiality of the Confidential Information.

11) This Protective Order is without prejudice to the parties to attempt to alter, restrict or enlarge the same by bringing a properly noticed motion before the Court.

**PLAINTIFFS AND DEFENDANT, BY THEIR UNDERSIGNED COUNSEL, HEREBY CONSENT TO AND REQUEST THE MAKING AND ENTRY OF THE FOREGOING PROTECTIVE ORDER.**

SO ORDERED:

_____
The Honorable Tom DePriest
Circuit Court Judge, Division 8

DATED: _____1/15/13_____

MENEES, WHITNEY, BURNET & TROG

BY: _____
Terry Burnet                    #24428
James W. Whitney, Jr.    #24073
Attorneys for Plaintiff
7905 Forsyth Blvd.
Clayton, MO 63105
314-721-4141
314-721-6485 Fax

HUSCH BLACKWELL LLP

BY: _____
David W. Sobelman         #32253
David R. Dyroff, Jr.          #38727
Giuseppe Giardina           #52935
Attorneys for Defendant
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314-480-1500
314-480-1505 Fax